UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CIVIL ACTION NO. 6:05-655 KKC

BLACK MOUNTAIN ENERGY CORPORATION,                                    PLAINTIFF

v.                                    **ORDER AND OPINION**

BELL COUNTY BOARD OF EDUCATION                                        DEFENDANT.

\* \* \* \* \* \* \* \*

The Plaintiff, Black Mountain Energy Corporation ("Black Mountain"), filed this action for declaratory relief pursuant to 28 U.S.C. §2201 and KRS § 418.040, seeking a declaration that the Kentucky Perpetuities Act of 1960, codified at KRS § 381.221, is unconstitutional. Pursuant to the Court's scheduling order, both parties have briefed this matter, thus, it is ripe for decision.

**I. BACKGROUND**

On November 23, 2005, the Plaintiff filed a Complaint seeking declaratory relief. The Plaintiff alleges that the Kentucky Perpetuities Act of 1960 impairs the obligation of contracts in violation of Article I, Section 10 of the United States Constitution and effects a taking of Plaintiff's real property without due process or compensation in violation of the Fourteenth Amendment to the United States Constitution. Pursuant to the Court's scheduling order, on May, 31, 2006, the Plaintiff and the Defendant, Bell County Board of Education, entered into a stipulation of relevant facts and those facts are reproduced below. [Rec. No. 10].

Kentucky & West Virginia Coal & Mining Company ("Kentucky & West Virginia Coal") conveyed a parcel of real property (hereinafter the "Subject Property") in Bell County, Kentucky to the "Trustees for Browney's Creek Community School", by deed dated April 29, 1932 ("the 1932 deed"). The property was conveyed in said deed subject to following provision:

>the foregoing described property is conveyed to the party of second part for school and educational purposes, and when and if said property ceases to be used for school and educational purposes, which includes residence purposes for the teachers, officers, employees, and students of the said school, then and thereupon the title conveyed by this deed shall revert and reinvest in the party of the first part, its successors and assigns.

Through intervening conveyances, title to the Subject Property was vested in the Defendant, Bell County Board of Education, and became the site of a school known as the Cubbage Elementary School. The Defendant, and its predecessors, used the Subject Property for educational purposes until 2000, at which time, pursuant to a plan of consolidation of its school system, Defendant decided to cease use of the subject property for school purposes and declared said property excess property to be sold.

The right of reversion contained in the 1932 deed constituted a property right of the Kentucky and West Virginia Coal, recognized under the common law of Kentucky and capable of conveyance. Plaintiff, Black Mountain, became the owner of all of the real property formerly owned by Kentucky and West Virginia Coal located in Bell County, Kentucky, by virtue of a deed dated August 16th, 2005. Among the property and property rights acquired by plaintiff in the said deed, there was included the right of reversion in the Subject Property.

The Plaintiff has made demand upon Defendant that it relinquish possession of the Subject Property and acknowledge the title and ownership of Plaintiff pursuant to the reversionary interest created in the 1932 deed, but Defendant denies Plaintiff's ownership based upon the Kentucky Perpetuities Act of 1960, KRS § 381.221, which provides, in pertinent part, as follows:

>(1) Every possibility of reverter and right of entry created prior to July 1, 1960, shall cease to be valid or enforceable at the expiration of thirty (30) years after the effective date of the instrument creating it, unless before July 1, 1965, a declaration of intention to preserve it is filed for record with the county clerk of the county in

which the real property is located.

Kentucky & West Virginia Coal did not file the notice contemplated by the statute. The affidavit of its former Director and Vice-President, James E. Wallace shows that the company did not become aware of KRS 381.221 until 2000, after the Board ceased using the Subject Property for school purposes. [Rec. No. 10, Attachment C].

The Plaintiff alleges that the Kentucky Perpetuities Act of 1960 ("Kentucky Perpetuities Act") impairs the obligation of contracts in violation of Article I, Section 10 of the United States Constitution and effects a taking of Plaintiff's real property without due process or compensation in violation of the Fourteenth Amendment to the United States Constitution.

## II. ANALYSIS

### A. Contracts Clause Claim

The Plaintiff has challenged the constitutionality of a state statute, thus, the Court begins this analysis by stating, "[a] statute or ordinance will be presumed to be constitutional by the courts unless the contrary clearly appears; and in case of doubt, every possible presumption not clearly inconsistent with the language and the subject matter is to be made in favor of the constitutionality of legislation." *Tower Realty v. City of East Detroit*, 196 F.2d 710, 718 (6th Cir. 1952.

The Contracts Clause of the United States Constitution provides that, "[n]o State shall...pass any...[l]aw impairing the Obligation of Contracts." U.S. CONST. art. I § 10. The Plaintiff asserts that it had a vested right in the subject property and the Kentucky Perpetuities Act eliminated that right in violation of the Contracts Clause. In order to prove a violation of the Contracts Clause:

> [A] plaintiff must demonstrate that a change in state law has operated as a substantial impairment of a contractual relationship. In deciding whether such a demonstration has been made, the court must ask whether (1) a contract exists, (2) a change in law

>impairs that contract, and (3) the impairment is substantial. If a contractual obligation is substantially impaired by the change in law, the court must further inquire whether the adjustment of the rights of the parties to the contractual relationship was reasonable and appropriate in the service of a legitimate and important public purpose.

*Mascio v. Public Employees Retirement System of Ohio*, 160 F.3d 310, 314 (6th Cir. 1998)(citations and internal quotation marks omitted).

"[T]he first inquiry must be whether the state law has, in fact, operated as a substantial impairment of a contractual relationship. The severity of the impairment measures the height of the hurdle the state legislation must clear. Minimal alteration of contractual obligations may end the inquiry at its first stage. Severe impairment, on the other hand, will push the inquiry to a careful examination of the nature and purpose of the state legislation."*Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244-245(1978)).

The 1932 deed executed between Kentucky & West Virginia Coal and the Trustees for Browney's Creek Community School created a right of reversion in Kentucky & West Virginia Coal and its successor, Black Mountain. *See* KRS § 381.210 ("Rights of reversion may be sold and conveyed. The purchaser thereof shall be vested with all the privileges and advantages which attach to the estate in the hands of the reversioner...."). A right of reversion is a vested interest at the time of its creation. *Dennis v. Bird*, 941 S.W.2d 486, 489 (1997). The Kentucky Perpetuities Act provides that any possibility of reverter created prior to July 1, 1960 is valid for only thirty years from the date of its creation unless before July 1, 1965, a declaration of intention to preserve it is filed. KRS § 381.221.

Several courts have addressed the question of whether statutes such as the Kentucky Perpetuities Act violate the Contracts Clause.

In *Ludington & Northern Ry. v. Epworth Assembly*, 468 N.W.2d 884 (Mich. App. 1991), a

4

statute providing for the termination of a right of reversion after thirty years unless written notice of intent to preserve the interest is filed was challenged under the Contracts Clause. The court stated that the statute "does not provide for the automatic extinguishment of possibilities of reverter and rights of entry, but merely requires periodic recording in order for these interests to be preserved in excess of thirty years." *Id.* at 892. The court found that the statute did not rise to the level of a severe impairment on existing contracts, nonetheless, the court noted that such a statute furthers an important state interest in "reducing impairments of the marketability of title." *Id*.

"We believe that by requiring periodic recording, once every thirty years, and by providing for a one-year grace period in order to preserve those interests created more than thirty years before the effective date of the act, the state's methods are reasonable." *Id*. Thus, the court held that the statute did not unconstitutionally impair the obligation of contract. *Id*. *See also Selectmen of Town of Nahant v. U.S.*, 293 F.Supp. 1076 (D.Mass. 1968) ("[A] statute limiting the time for assertion even of preexisting property or contract rights is not unconstitutional provided it allows a reasonable time after its enactment for the assertion of those rights."); *Severns v. Union Pacific Railroad Co.,* 125 Cal. Rptr. 2d 100, 110 (Cal. Ct. App. 2002)(holding that a statute which requires a future interest holder to record the interest within a certain time period in order to preserve it does not unconstitutionally impair the obligation of contracts because "the new law does not abolish or take away the right to exercise a future interest. Instead, it merely adds a procedural requirement to the exercise of that right: timely recordation. The imposition of the requirement will not run afoul of the constitutional provision if it addresses a legitimate state interest and is reasonable and appropriate.")

In *Cline v. Johnson County Board of Edu.*, 548 S.W.2d 507, 508 (Ky. 1977), the same statute that is challenged in the present case, the Kentucky Perpetuities Act, was challenged as violating the

Contracts Clause of the Kentucky Constitution. The court held that the Act did not violate the Kentucky Constitution and stated that it served a legitimate state interest due to the inconvenience and expense associated with future interests that accrue over long periods of time. *Id*. Furthermore, the court held that the five year period provided in the Act, in which an individual may file a declaration of intention to preserve the interest, is reasonable. *Id*. at 508.

Upon review and consideration of the relevant case law and Plaintiff's arguments, the Court finds that the Kentucky Perpetuities Act, KRS § 381.221 does not violate the Contracts Clause because it does not create a substantial impairment on the obligation of contracts. The Act provides for the termination of a possibility of reverter created prior to July 1, 1960 after thirty years unless a declaration of intention to preserve it is filed. KRS § 381.221. The Act does not provide that a possibility of reverter is automatically terminated, such interest remains enforceable for thirty years. Furthermore, it provides a savings clause by which a property owner could preserve the future interest beyond the thirty year period by filing an intent to preserve. "[J]ust as a State may create a property interest that is entitled to constitutional protection, the State has the power to condition the permanent retention of that property right on the performance of reasonable conditions that indicate a present intention to retain the interest." *Texaco, Inc. v. Short*, 454 U.S. 516, 526 (1982).

Furthermore, even if the Kentucky Perpetuities Act created a substantial impairment on the obligation of contracts, which it does not as explained above, such a statute is reasonable and appropriate in light of the important state interest of alleviating burdens on marketability of title.

### B. Fourteenth Amendment Claim

The Plaintiff alleges that the Kentucky Perpetuities Act effects a taking of Plaintiff's real property without due process or compensation in violation of the Fourteenth Amendment to the

United States Constitution, furthermore, Plaintiff argues that the required notice was not provided.

"The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that private property shall not be taken for public use, without just compensation." *D.A.B.E., Inc. v. City of Toledo*, 393 F.3d 692, 695 (6th Cir. 2005)(internal quotation marks omitted)(quoting U.S. Const. amend. V).

In *Unknown Heirs, Devisees, Legatees and Assigns of Devou v. City of Covington*, 815 S.W.2d 406, 413 (Ky. Ct. App. 1991), the Court of Appeals of Kentucky rejected the argument that the Kentucky Perpetuities Act is unconstitutional pursuant to the Fourteenth Amendment of the United States Constitution. The court relied on *Texaco, Inc. v. Short* and *United States v. Locke*, 471 U.S. 84 (1985) in upholding the Act.[1] *Id.* at 413.

In *Texaco, Inc*, the court determined that a statute that provides for automatic lapse of mineral rights after twenty years of nonuse, unless a statement of claim is filed, does not constitute a taking under the Fourteenth Amendment. 454 U.S. 516. "It is the owner's failure to make any use of the property-and not the action of the State-that causes the lapse of the property right; there is no taking that requires compensation. The requirement that an owner of a property interest that has not been used for 20 years must come forward and file a current statement of claim is not itself a taking." 454 U.S. at 530.

The Kentucky Perpetuities Act provides that a possibility of reverter created before July 1, 1960 is valid for only thirty years from the date of its creation unless before July 1, 1965, a declaration of intention to preserve it is filed. KRS § 381.221. If the thirty year period lapses and

---

[1] The Plaintiff argues that *Texaco, Inc. v. Short* and *United States v. Locke* are inapplicable because they involved statutes that differ from the statute in question. However, the Court finds that the analysis is the same.

no declaration was filed, the interest ceases to exist due to the property owner's failure to file, thus there is no government taking under the Fourteenth Amendment to which compensation is due.

The Plaintiff cited *Mullane v. Central Hanover Bank*, 339 U.S. 306, 313 (1950) as support for the proposition that some type of individual notice should be provided to property holders affected by the Act. However, "[t]he Court in Mullane itself distinguished the situation in which a State enacted a general rule of law governing the abandonment of property. It has long been established that laws [must] give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly, but it has never been suggested that each citizen must in some way be given specific notice of the impact of a new statute on his property before that law may affect his property rights." *Texaco, Inc.,* 454 U.S. at 535-536 (internal quotation marks omitted)(quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)).

The Plaintiff argues that the Kentucky Perpetuities Act applies to only a small group of property owners whose property interests are not widely known or understood, thus, more notice should be provided. However, "[g]enerally, a legislature need do nothing more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply. It is well established that persons owning property within a State are charged with knowledge of relevant statutory provisions affecting the control or disposition of such property." *Texaco, Inc.,* 454 U.S. at 532.

The Kentucky Perpetuities Act provides for a five-year grace period where property owners were permitted to file a declaration of intent to preserve the interest before July 1, 1965. The Supreme Court stated the following in regards to the effect of a grace period upon the notice requirement of due process:

It is also settled that the question whether a statutory grace period provides an adequate opportunity for citizens to become familiar with a new law is a matter on which the Court shows the greatest deference to the judgment of state legislatures. A legislative body is in a far better position than a court to form a correct judgment concerning the number of persons affected by a change in the law, the means by which information concerning the law is disseminated in the community, and the likelihood that innocent persons may be harmed by the failure to receive adequate notice.

*Texaco, Inc.,* 454 U.S. at 533.

The Court will defer to the judgment of the Kentucky legislature, which determined that the five year statutory grace period contained in KRS § 381.221 was reasonable and sufficient to provide notice to all property owners affected by the Act, thus, the Court finds that the Kentucky Perpetuities Act, KRS § 381.221, does not violate the Due Process Clause of the Fourteenth Amendment. *Texaco, Inc.,* 454 U.S. at 533.

### III. CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's request that the Kentucky Perpetuities Act of 1960, codified at KRS § 381.221, be declared unconstitutional in violation of Article I, Section 10 and the Fourteenth Amendment of the United States Constitution is hereby **DENIED**;

(2) this judgment is **FINAL** and **APPEALABLE**;

(3) this matter is **STRICKEN** from the active docket of this Court.

Dated this 19th day of December, 2006.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**